UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

KEVIN H. ARMANT                                      CIVIL ACTION

VERSUS                                              NO. 08-981

MICHAEL J. ASTRUE, COMMISSIONER                     SECTION "C" (2)
OF SOCIAL SECURITY ADMINISTRATION

## ORDER ON MOTION; REPORT AND RECOMMENDATION

Plaintiff, Kevin H. Armant, proceeding pro se and in forma pauperis, seeks judicial

review pursuant to Section 405(g) of the Social Security Act (the "Act") of an

unfavorable decision of the Commissioner of the Social Security Administration (the

"SSA"), dated January 20, 2006, denying plaintiff's claim for disability benefits ("DIB")

under Title II of the Act.  42 U.S.C. §§ 405(g), 4232.  Armant also brings a claim under

42 U.S.C. § 1983 that the Commissioner's denial of his request to reopen his application

for DIB violated his constitutional right to due process.  He further alleges that the

Commissioner violated a criminal statute regarding the making of false statements.  18

U.S.C. § 1001.  He asks the court to reverse the Commissioner's denial of his application

and his request to reopen and to grant him DIB.  Record Doc. No. 1, Complaint.  This

matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)

and Local Rule 73.2E(B).

The Commissioner filed a motion to dismiss plaintiff's complaint under Fed. R. Civ. P. 12(b)(1), arguing that the court lacks subject matter jurisdiction because there has been no "final decision" by the Commissioner, as required to vest the court with power to review the decision.   Record Doc. No. 11.   Plaintiff filed a timely opposition memorandum.  Record Doc. No. 13.  Without seeking leave of court to do so, but still within the deadline set by the court for filing his opposition, Armant filed an "Amended Plaintiff's Memorandum Supporting the Denial of the Defendant's (SSA) Motion to Dismiss Plaintiff's Complaint."  Record Doc. No. 14.  In his amended memorandum, Armant argued two claims that are <u>not</u> in his complaint, <u>i.e.</u>, a mandamus claim under 28 U.S.C. § 1361 and a claim under 42 U.S.C. § 1983 that the Commissioner's decision violated plaintiff's constitutional right to equal protection based on his race.

Because Armant is proceeding pro se, the court broadly construed his "amended memorandum" as a motion to amend his complaint to add the mandamus and equal protection claims, and ordered defendant to file an opposition memorandum to address whether such an amendment would be futile.  The court also ordered the Commissioner to file a supplemental memorandum in support of his motion to dismiss, combined with his opposition to plaintiff's motion to amend, to address three issues that were inadequately briefed in defendant's original memorandum.  The court gave plaintiff leave

to file a reply memorandum after defendant filed his supplemental memorandum.  Record

Doc. No. 15.  Both parties filed timely responsive memoranda.  Record Doc. Nos. 18, 19.

I.      FACTUAL AND PROCEDURAL BACKGROUND

        The following facts are established by the declaration under penalty of perjury of

Patrick J. Herbst, Chief of Court Case Preparation and Review Branch IV of the Office

of Appellate Operations, Office of Disability Adjudication and Review, SSA, attached

as Exhibit A to defendant's motion to dismiss, and by copies of certain parts of the

administrative record that are attached to Herbst's declaration as numbered exhibits.

Defendant did <u>not</u> file the entire administrative record.

        Armant was insured for DIB under the Act through December 31, 2001.  On

October 12, 2001, he filed an application for DIB.  On March 28, 2003, an administrative

law judge ("ALJ") denied his application, finding that plaintiff was not disabled at any

time through the date of the decision and was not entitled to a period of DIB through the

expiration date of his disability insured status.  Defendant's Exh. 1.  Armant did not

appeal that decision.

        On June 24, 2004, Armant protectively filed an application for DIB under Title II

and for supplemental security income ("SSI") under Title XVI of the Act, alleging the

same disability onset date of May 1, 1996 as he had alleged in his previous application

for DIB only.  Defendant's Exh. A, Herbst declaration ¶ 3(d); Defendant's Exh. 6, at p. 1

3

of ALJ's decision dated January 20, 2006.   A protective filing occurs, and the Commissioner will use the protective date as the filing date, if a claimant submits "a written statement, such as a letter, indicating your intent to claim benefits" and the "claimant files an application form with us within 6 months after the date of a notice we will send advising of the need to file an application."  20 C. F. R. § 404.630.  Armant filed his application form on July 13, 2004.  Defendant's Exh. 3.

Plaintiff avers in his complaint that he mailed a brief to the Commissioner on June 8, 2004, which was allegedly received on June 11, 2004, "requesting the re-adjudicating of my Oct. 2001 claim and submission of new and material evidence."  He states that he submitted more evidence to the Commissioner on June 22, 2004 in support of his request to reopen the March 28, 2003 decision, which had denied his October 2001 application for DIB.  In his complaint and his memorandum in opposition to the motion to dismiss, Armant argues that the Commissioner never adjudicated the "over 20 pieces of 'new and substantial material medical evidence'" that he submitted in June 2004.

Plaintiff's second DIB application was denied on August 27, 2004.  Defendant's Exh. 4.  On September 13, 2004, he requested a hearing before an ALJ.  Defendant's Exh. 5.  On December 21, 2005, his attorney filed a written request to reopen the March 28, 2003 decision, based on allegedly new and material evidence that was submitted with the request.  Defendant's Exh. 6, at p. 1 of ALJ's decision.

4

After a hearing, the ALJ issued a decision unfavorable to plaintiff on January 20, 2006. Defendant's Exh. 6. The ALJ held that Armant was not eligible for SSI. He further held that, because Armant was last insured for DIB in December 2001, the only way for plaintiff to receive DIB was for the ALJ to set aside the prior, unappealed decision. However, the ALJ found that the evidence submitted with plaintiff's December 21, 2005 request to reopen was neither new nor material. Therefore, the ALJ held that the March 28, 2003 decision would not be reopened. He denied plaintiff's June 24, 2004 application for DIB based on res judicata.

Armant timely requested review of that decision. Defendant's Exh. A, ¶ 3(d). On April 26, 2007, the Appeals Council notified him that it had granted his request for review, but that it planned to dismiss his case because res judicata and the applicable regulations barred the ALJ from reconsidering his application for DIB. Defendant's Exh. 7.[1] Therefore, the Appeals Council stated, the ALJ had erred by granting his request for a hearing and by issuing a decision. The Appeals Council said that it would dismiss plaintiff's request for a hearing if he did not submit more information and/or ask for an appearance before the Appeals Council within 30 days. The notice did not mention the ALJ's denial of Armant's application for SSI.

---

[1] Although Defendant's Exhibits 7 and 8 appear to be undated, Herbst declares that Exhibit 7 was dated April 26, 2007 and that Exhibit 8 (discussed below) was mailed on February 6, 2008. Defendant's Exh. A, ¶ 3(e). Plaintiff does not dispute those dates.

Plaintiff contends in his complaint that he responded to this notice on May 4, 2007 by mailing "additional material evidence" to the Appeals Council, consisting of a "Veterans Affairs ["VA"] Rating Decision" dated March 18, 2004. He claimed that this evidence established that he was disabled before December 31, 2001. A copy of Armant's May 4, 2007 letter and a certified mail receipt allegedly showing that the letter was received by the Appeals Council on May 7, 2007, are attached to his complaint.

On February 6, 2008, the Appeals Council dismissed plaintiff's September 13, 2004 request for a hearing. Despite plaintiff's alleged mailing on May 4, 2007, the notice and order stated that he had not responded to the April 26, 2007 notice. The Appeals Council stated that Armant's insured status for DIB had ended on December 31, 2001 and that the ALJ, instead of granting his request for a hearing and rendering a decision, should have dismissed his entire claim for DIB. The Appeals Council "determined that res judicata applies" and that the allegedly new evidence, consisting of "a VA rating decision dated July 14, 2005 along with a VA medication list," were "not material for the same reason as found by the" ALJ. The Appeals Council found that "the medical evidence does not support disability until well after December 31, 2001, the date last insured for disability benefits" and stated that, because it was dismissing plaintiff's hearing request, the ALJ's January 20, 2006 decision "is of no effect." The Appeals Council concluded that the ALJ's "decision dated March 28, 2003 stands as the final

6

decision of the Commissioner" and told Armant that its current action is "not subject to further review."  Defendant's Exh. 8, at pp. 1-2.  The Appeals Council never mentioned plaintiff's application for SSI.

Armant filed the instant civil action on February 19, 2008.  In his complaint, he specifically sought review of the Commissioner's denial of his request to reopen the March 28, 2003 decision, which was based on his October 12, 2001 application for DIB only.  Even construing his pro se complaint broadly, as the court must, he did <u>not</u> appeal the ALJ's January 20, 2006 denial of his application for <u>SSI</u> under Title XVI of the Act.

In his Rebuttal in Response to Defendant's August 25, 2008 Brief, Record Doc. No. 19 at p. 5, Armant asserts that defendant "falsely" stated in his brief that Armant has not challenged the finding that he was not eligible for SSI.  However, plaintiff's 21-page complaint and all of his prior submissions to the court are clear that he is appealing the Commissioner's denial of his request to reopen the March 28, 2003 decision, which was based on his October 12, 2001 application for DIB <u>only</u> and on his allegations that he was disabled before December 31, 2001, the date that he was last insured for DIB.  Thus,

7

whether the Commissioner erred in holding that plaintiff was not entitled to SSI[2] is not an issue before the court.

None of the evidence filed by the Commissioner with the court specifically mentions that plaintiff submitted any new evidence in June 2004. Because the entire record was not filed, the court cannot determine exactly what exhibits were in the administrative record. The written denial of plaintiff's application dated August 27, 2004 says that it relied on three sets of medical records from George Murphy, M.D., K.E. Vogel, M.D., and the VA Hospital, which were received in July and August 2004. Defendant's Exh. 4, at p. 1. Plaintiff attached to his complaint a "List of Material Evidence Submitted to the SSA Supporting the Plaintiff's Claim for Disability Benefits," which includes medical records from Drs. Murphy and Vogel and the VA Hospital dated before August 2004. These might be the same records from those medical sources that plaintiff submitted in June 2004. See Record Doc. No. 1-3, "List of Material Evidence Submitted to the SSA Supporting the Plaintiff's Claim for Disability Benefits," at ¶ 3 (Dr. Murphy); ¶¶ 7, 16 (Dr. Vogel); ¶¶ 1, 5, 8, 10-12, 14, 18, 20 (Veterans' Affairs).

---

[2]If Armant were eligible for SSI, he would only be eligible to receive such benefits beginning the month after June 2004, when he applied for it. Brown v. Apfel, 192 F.3d 492, 495 n.1 (5th Cir. 1999); Rosetti v. Shalala, 12 F.3d 1216, 1224 n.20 (3d Cir. 1993) (citing 20 C.F.R. § 416.335); Hector v. Barnhart, 337 F. Supp.2d 905, 910 (S.D. Tex. 2004).

The ALJ's January 20, 2006 decision states that plaintiff's attorney submitted two exhibits with his December 2005 written request to reopen the March 28, 2003 decision. Defendant's Exh. 6 at p. 1 (citing "a VA rating decision dated July 14, 2005 (Ex. B16F) along with a VA past medication list [Ex. B15F]"). The ALJ states that he reviewed "the existing medical records," and he specifically mentions a mental health review in November 2002 and a physical examination report dated December 2001. It is not clear whether those two reports were among those listed in plaintiff's "List of Material Evidence Submitted to the SSA Supporting the Plaintiff's Claim for Disability Benefits." See Record Doc. No. 1-3, at ¶ 8, "1999-2002 Veteran Affairs Medical Centers Progress Notes - Dr. Brailey Ph.D."; ¶ 9 "Dec. 2001 Social Security Administration Evaluation" by "state agency examiner;" ¶ 10 "2001 Veterans' Affairs Medical Center from Dr. Dennard."

According to Herbst's declaration, plaintiff "[protectively] filed" an application for disability insurance benefits on June 24, 2004. Record Doc. No. 11-4, Defendant's Exh. A, at ¶ 3(d). On July 13, 2004, Armant filed the formal application that preserved the protective filing date and triggered the subsequent administrative proceedings. Defendant's Exhs. 3, 6. The ALJ considered and denied plaintiff's December 2005 written request to reopen the March 28, 2003 decision. Defendant's Exh. 6 at pp. 1, 2.

In his motion to dismiss, the Commissioner argues that neither the ALJ's decision dated January 20, 2006 nor the Appeals Council's decision dated February 6, 2008 is a "final decision," as required by the Act to vest subject matter jurisdiction in this court. The Commissioner also argues that, because he declined to reopen the first ALJ's decision dated March 28, 2003, that decision is res judicata and the court again has no subject matter jurisdiction over the subsequent decisions.  In his original memorandum in support of his motion to dismiss, defendant argues summarily that Armant has no colorable due process claim because he received a decision on his request to reopen the first ALJ's decision.

The Commissioner argues in his supplemental memorandum that plaintiff has merely asserted, but has not presented any argument or demonstrated in any way how his constitutional rights, either to due process or equal protection, have been violated. Defendant argues that plaintiff's conclusory assertions are insufficient to create subject matter jurisdiction over his constitutional claims.  The Commissioner also contends that plaintiff fails to establish the existence of mandamus jurisdiction because the elements of mandamus jurisdiction have not been met and, in particular, because the Commissioner's acts were discretionary.

Armant argues in his amended opposition memorandum that the Commissioner violated his due process rights by failing to address his June 2004 request to reopen the

March 28, 2003 decision and the multiple pieces of allegedly new and material evidence that he says he submitted.  He contends that, because he submitted new and material evidence that was never considered, the ALJ's January 20, 2006 decision was <u>not</u> based on the same material facts and issues as the March 28, 2003 decision and that administrative res judicata does not bar his second DIB application.  He argues that the January 20, 2006 decision is a final decision, which is not barred by res judicata; that the ALJ's and the Appeals Council's decisions are manifestly erroneous because they failed to consider his allegedly new and material evidence; and that this court has subject matter jurisdiction over the ALJ's decision.

In his rebuttal memorandum, Armant contends that defendant failed to comply with the court's order by failing to show that plaintiff's mandamus and equal protection claims are futile.  Plaintiff argues that the Commissioner misrepresented the facts by stating that his allegedly new and material evidence has already been considered, when neither the ALJ nor the Appeals Council fully adjudicated all of the 21 pieces of new and material evidence that he submitted.  He contends that consideration of his evidence was not a discretionary act and that mandamus jurisdiction is appropriate because he had a statutory and regulatory right to such an adjudication.

II.    ANALYSIS

   A.    Standard of Review

The court ordered the Commissioner to address in his supplemental memorandum whether he brings this motion exclusively under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction, or additionally under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted, and why defendant seeks to dismiss the complaint with prejudice.  Dismissal for lack of subject matter jurisdiction is usually without prejudice.  Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001).  The Commissioner responded that he brings the motion solely under Rule 12(b)(1), and he seeks dismissal with prejudice of all of plaintiff's causes of action because other sources of subject matter jurisdiction are foreclosed by Section 405(h) of the Act.

> Motions filed under Rule 12(b)(1)
>
> allow a party to challenge the subject matter jurisdiction of the district court to hear a case.  Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.
>
> > The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction.  Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist.

Id. (citations omitted); accord Johnson v. Aramco Servs. Co., 164 Fed. Appx. 469, 2006 WL 45849, at *1 (5th Cir. 2006).

A factual attack on subject matter jurisdiction challenges the existence of jurisdiction by looking beyond the pleadings.  In reviewing a factual attack, the court may consider testimony and affidavits outside the pleadings.  McDaniel v. United States, 899 F. Supp. 305, 307 (E.D. Tex. 1995), aff'd, 102 F.3d 551 (5th Cir. 1996).

Therefore, in determining defendant's motion to dismiss, the court considers both the complaint and the undisputed facts evidenced in the record.

B.     The ALJ's and Appeals Council's Decisions Were Not Final Decisions

Armant has not submitted any evidence to carry his burden to prove that this court has subject matter jurisdiction over the ALJ's January 20, 2006 decision or the Appeals Council's February 6, 2008 dismissal of his  request for a hearing.

Only "final decisions" of the Commissioner are subject to judicial review. Califano v. Sanders, 430 U.S. 99, 107-08 (1977); Brandyburg v. Sullivan, 959 F.2d 555, 559 (5th Cir. 1992).  "A 'final decision' is a particular type of agency action, and not all agency determinations are final decisions."  Bacon v. Sullivan, 969 F.2d 1517, 1519 (3d Cir. 1992) (citing Sanders, 430 U.S. at 107-08).

Section 405(g) of the Act provides:  "Any individual, after any final decision of the Secretary made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision . . . ."  42 U.S.C. § 405(g) (emphasis added).  Section 405(h)

13

provides:  "The findings and decision of the Secretary after a hearing shall be binding upon all individuals who were parties to such hearing.  No findings of fact or decision of the Secretary shall be reviewed by any person, tribunal, or governmental agency except as herein provided."  Id. § 405(h) (emphasis added).

"Judicial review is limited by [42 U.S.C. § 405(h)] to the procedures set forth in the Act.  Thus, whether there is jurisdiction depends on whether the actions of the SSA amount to a final decision after a hearing by the [Commissioner] under section [405(g)]."  Harper by Harper v. Bowen, 813 F.2d 737, 739 (5th Cir. 1987); accord United States v. Lahey Clinic Hosp., Inc., 399 F.3d 1, 14 (1st Cir. 2005); Speights v. Barnhart, No. 04-003-D-M3, 2004 WL 3331910, at *2 (M.D. La. Nov. 30, 2004) (Dalby, M.J.), report adopted, 2004 WL 3354861 (M.D. La. Dec. 27, 2004) (Brady, J.).

The Appeals Council granted review of the ALJ's January 20, 2006 decision, but vacated that decision and dismissed plaintiff's request for a hearing concerning the denial of his second application for DIB.  Because neither the ALJ's January 20, 2006 decision nor the Appeals Council's February 6, 2008 order is a "final decision" as defined by the Act, this court has no jurisdiction to review either one.

The Act and the case law are clear that the court may review only a "final decision of the [Commissioner] made after a hearing," and that an ALJ's decision becomes a "final decision" only after the Appeals Council either reviewed the decision and rendered

its own opinion on the merits, or denied review.  42 U.S.C. § 405(g); <u>Sanders</u>, 430 U.S. at 107-08; <u>Harper</u>, 813 F.2d at 739.  Neither of those events occurred in this case.

Armant's "petition for benefits was not explicitly a petition to reopen the prior hearing but it was in effect exactly such a request," <u>Ellis v. Schweiker</u>, 662 F.2d 419, 419 (5th Cir. 1981), and he has repeatedly referred to his June 24, 2004 filing as a request to reopen the March 28, 2003 decision.  Furthermore, on December 21, 2005, plaintiff's attorney filed a written request to reopen the March 28, 2003 decision.  The final agency action of the Appeals Council dismissing Armant's request to reopen the first ALJ's decision is not a "final decision" and therefore is non-reviewable by this court.

> The Supreme Court explained the purpose underlying the non-reviewability of decisions not to reopen:
>
>> [A]n interpretation that would allow a claimant judicial review simply by filing–and being denied–a petition to reopen his claim would frustrate the congressional purpose, plainly evidenced in [42 U.S.C. § 405(g)], to impose a 60-day limitation upon judicial review of the Secretary's final decision on the initial claim for benefits.  Congress'[s] determination so to limit judicial review to the original decision denying benefits is a policy choice obviously designed to forestall repetitive or belated litigation of stale eligibility claims.  Our duty, of course, is to respect that choice.
>
> <u>The Commissioner's decision not to reopen a prior determination is not a final decision for the purposes of § 405(g), and thus is generally unreviewable even if there was a hearing in the case.</u>

Byam v. Barnhart, 336 F.3d 172, 179-80 (2d Cir. 2003) (quoting Sanders, 430 U.S. at 107-08) (internal citations omitted) (emphasis added).

The Commissioner "may apply the doctrine of res judicata to bar an award of benefits for a period of disability for which a previous application for disability has previously been denied." Bogle v. Sullivan, 998 F.2d 342, 346 (6th Cir. 1993) (citation omitted).

It is well established that when "the Appeals Council vacates the ALJ's consideration of the merits and holds that the claim is barred on the ground of res judicata, a district court is without jurisdiction to review the agency's denial of a request to reopen." Vaswani v. Barnhart, No. 05 Civ. 8539(DLC), 2007 WL 2412262, at *2 (S.D.N.Y. Aug. 23, 2007) (citing Cash v. Barnhart, 327 F.3d 1252, 1257 n.9 (11th Cir. 2003); Tobak v. Apfel, 195 F.3d 183, 187 (3d Cir. 1999); Hall v. Chater, 52 F.3d 518, 520-21 (4th Cir. 1995); Morris v. Sullivan, 897 F.2d 553, 558 (D.C. Cir. 1990)).

The Fifth Circuit, in decisions that are binding precedents which this court must follow, has repeatedly held that "federal courts lack subject matter jurisdiction to review the Commissioner's decision not to reopen a prior, fully-adjudicated application." North v. Chater, 91 F.3d 137, 1996 WL 400023, at *1 (5th Cir. 1996) (citing Ellis, 662 F.2d at 419).

Thus, in the same circumstances as the instant case, the Fifth Circuit has held that

16

> an ALJ's dismissal of a claimant's case on <u>res judicata</u> grounds is unreviewable absent a colorable constitutional claim. . . . Indeed, even if the ALJ makes a determination on the merits, and the Appeals Council <u>grants</u> review and decides that the request for hearing should have been dismissed, either on <u>res judicata</u> grounds or for lack of good cause for untimeliness of the hearing request, federal courts lack jurisdiction to review the dismissal. . . . [I]t is the fact of dismissal on procedural grounds at the administrative stage, not the form of the Appeals Council's decision, that deprives the district court of jurisdiction under section 405(g).

<u>Brandyburg</u>, 959 F.2d at 561-62 (citations omitted); <u>accord</u> <u>Riecke v. Barnhart</u>, 184 Fed. Appx. 454, 2006 WL 1816410, at *1 (5th Cir. 2006); <u>Robertson v. Bowen</u>, 803 F.2d 808, 810 (5th Cir. 1986); <u>Hensley v. Califano</u>, 601 F.2d 216, 216 (5th Cir. 1979).

The Appeals Council's dismissal of Armant's request to reopen the already final decision of March 28, 2003 and of his request for a hearing "was not a 'final decision' subject to judicial review under section 405(g)." <u>Brandyburg</u>, 959 F.2d at 562. Therefore, this court lacks subject matter jurisdiction to review the Commissioner's decision, unless plaintiff states a colorable constitutional claim. <u>Sanders</u>, 430 U.S. at 109; <u>Byam</u>, 336 F.3d at 179-80; <u>Brandyburg</u>, 959 F.2d at 561.

C.   The Court Lacks Jurisdiction over Plaintiff's Claim for Violation of his Right to Due Process

Armant contends that the Commissioner violated his constitutional right to due process because the ALJ and the Appeals Council allegedly never acted upon his June 2004 request to reopen the March 28, 2003 decision and never reviewed the more than

17

20 items of allegedly new and material evidence that he says he submitted with that request.   He claims that the new evidence establishes that he was disabled before December 31, 2001, when his disability insured status expired.   The Commissioner argues that plaintiff has not stated a colorable constitutional claim and that the court therefore lacks subject matter jurisdiction of this claim.

Independent of the foregoing discussion of the finality of the Commissioner's decisions,

> judicial review is permissible <u>in rare instances</u> when the Secretary's denial of a request to reopen is challenged on constitutional grounds. . . . "[F]ederal courts have subject matter jurisdiction over a petition to reopen if a colorable constitutional claim is asserted."   However, <u>a "conclusional assertion" of a colorable constitutional claim is insufficient to vest jurisdiction in a district court</u>. . . .  [T]he Fifth Circuit [has] stressed that if subject matter jurisdiction could be established by the mere allegation of a due process claim, then every decision of the Secretary would be subject to review "by the inclusion of the [magic] words."

<u>Speights</u>, 2004 WL 3331910, at *3 (citing <u>Sanders</u>, 430 U.S. at 109) (quoting <u>Robertson</u>, 803 F.2d at 810 (internal citations and quotations omitted)) (emphasis added); <u>see also</u> <u>Byam</u>, 336 F.3d at 179-80 ("[F]ederal courts may review the Commissioner's decision not to reopen a disability application . . . where the claimant has been denied due process.").

"A constitutional claim is not colorable if it clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or [ ] is wholly insubstantial or

frivolous." Estate of Lego v. Leavitt, 244 Fed. Appx. 227, 2007 WL 2202628, at *4 (10th Cir. 2007) (quotation omitted), cert. denied, 128 S. Ct. 1468 (2008).

Contrary to plaintiff's argument, the Act does not guarantee a petitioner a hearing on a request to reopen a prior final decision. Brandyburg, 959 F.2d at 560 (citing Sanders, 430 U.S. at 108) (citing 42 U.S.C. § 450(b))). Rather, when considering a request to reopen a final decision, "both the relief sought by the claimant and the grant of a hearing [are] discretionary." Id.

If the evidence that Armant submitted, whether in June 2004 with his application, in December 2005 with his attorney's written request to reopen his prior application, or in May 2007 in response to the Appeals Council's notice, was neither new nor material,[3] the Commissioner had the discretion to deny plaintiff's request to reopen his claim. 20 C.F.R. §§ 404.988, 404.989. The ALJ specifically found that at least two of the items of evidence that plaintiff says he submitted in June 2004 were neither new nor material. Compare Defendant's Exh. 7, at p. 1 of decision ("a VA rating decision dated July 14, 2005 [Ex. B16F] along with a VA past medication list [Ex. B15F]"); with Record Doc. No. 1-3, attachment to Complaint, List of Material Evidence Submitted to the SSA

---

[3]New evidence must "pertain to the contested time period and not merely concern a subsequently acquired disability or the deterioration of a condition that was not previously disabling." Garson v. Barnhart, 162 Fed. Appx. 301, 2006 WL 73365, at *2 (5th Cir. 2006) (quotation omitted). To be material, there must be "a reasonable probability that the new evidence would change the outcome of the Commissioner's decision." Castillo v. Barnhart, 325 F.3d 550, 551-52 (5th Cir. 2003).

Supporting the Plaintiff's Claim for Disability Benefits, ¶ 18 ("1994 - 2004 Veterans' Affairs Medical Center Medication Reports"); ¶ 20 ("Mr. Armant's Veteran Affairs Regional Office July 14, 2005 Rating Decision").  Furthermore, it appears that the other two pieces of evidence that the ALJ specifically mentioned as part of "the existing medical records" may have been[4] among those in plaintiff's "List of Material Evidence Submitted to the SSA Supporting the Plaintiff's Claim for Disability Benefits."  Those two items were reviewed and found not to warrant reopening the prior decision.  The Appeals Council also reviewed the administrative record and concluded that the evidence plaintiff had submitted was neither new nor material.  Defendant's Exh. 7, at p. 2; Defendant's Exh. 8, at p. 1 of decision.  Plaintiff received a decision from the Commissioner on reopening his prior claim, which is the relief he continues to seek.

Armant complains that the ALJ's ruling on January 20, 2006 did not consider all of the evidence that he submitted.  Although the ALJ's opinion did not specifically address all of the evidence, "the ALJ is not always required to do an exhaustive point-by-point discussion" of all the evidence.  Audler v. Astrue, 501 F.3d 446, 448 (5th Cir. 2007); see also Vaught v. Astrue, 271 Fed. Appx. 452, 2008 WL 828942, at *2 (5th Cir. 2008) (ALJ did not err by failing to mention a particular medical record, when he

---

[4]As previously noted, the Commissioner did not file the entire administrative record, so the court cannot verify exactly what exhibits were in the record that the ALJ considered.

discussed other medical records); <u>Falco v. Shalala</u>, 27 F.3d 160, 163 (5th Cir. 1994) (refusing to require an ALJ to articulate specifically all evidence that supported his decision and all evidence that was rejected; "this rigid approach is unnecessary"); <u>id.</u> at 164 ("That [the ALJ] did not follow formalistic rules in his articulation compromises no aspect of fairness or accuracy that this process is designed to ensure.").

Armant "received a full and fair hearing of his <u>initial</u> application, and, because the second application covered the same issue, it was not a due process violation to deny a second hearing." <u>Riecke</u>, 2006 WL 1816410, at *2 (emphasis added).

> This is not one of those rare instances where the [Commissioner's] denial of a petition to reopen is [validly] challenged on constitutional grounds. [Plaintiff] seeks only an additional opportunity to establish that he satisfied the Social Security Act's eligibility standards for disability benefits. Therefore, [Section 405(g)] does not afford subject matter jurisdiction in this case.

<u>Twiggs v. Shalala</u>, No. 93-3472, 1994 WL 261815, at *4 (E.D. La. June 6, 1994) (Beer, J.).

Armant was not entitled to either a hearing or a grant of DIB when he requested that the Commissioner reopen the March 28, 2003 final decision. The ALJ and the Appeals Council reviewed the evidence that plaintiff had submitted, found that it was neither new nor material, and held that it did not warrant reopening the prior decision. Armant received a decision on his request to reopen, which is all the process that was due

to him.  Because he fails to state a colorable due process claim, the analysis above concerning lack of subject matter jurisdiction remains in effect and his constitutional claim cannot give rise to federal question jurisdiction.  Accordingly, his complaint should be dismissed for lack of subject matter jurisdiction.

### D.     Plaintiff's Allegations of Criminal Conduct Fail to State a Claim

In his complaint, Record Doc. No. 1 at pp. 16-18, Armant alleges that the ALJ and the Appeals Council made several false statements in their opinions, in violation of a federal criminal statute.  18 U.S.C. § 1001.[5]  Plaintiff does not seek any relief concerning these allegations, other than judicial review of the ALJ's decision and a grant of DIB. Defendant does not mention the allegations in his motion to dismiss.

Because Armant is proceeding pro se and in forma pauperis, the court will construe his complaint broadly as an attempt to state a claim for violation of a criminal statute.  However, the claim should be dismissed sua sponte as legally frivolous and for

---

[5]The statute provides:
(a) Except as otherwise provided in this section, whoever, in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States, knowingly and willfully–
    (1) falsifies, conceals, or covers up by any trick, scheme, or device a material fact;
    (2) makes any materially false, fictitious, or fraudulent statement or representation; or
    (3) makes or uses any false writing or document knowing the same to contain any materially false, fictitious, or fraudulent statement or entry;
shall be fined under this title, [or] imprisoned not more than 5 years . . . .
18 U.S.C. § 1001(a).

failure to state a claim for which relief could be granted.  <u>See</u> 28 U.S.C. § 1915(e)(2)(B)(i), (ii) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss [an in forma pauperis case] at any time if the court determines that -- (B) the action . . . (i) is frivolous or malicious; [or] (ii) fails to state a claim on which relief may be granted . . . .").

"A private party has no right to enforce federal criminal statutes."  <u>Balawajder v. Jacobs</u>, 220 F.3d 586, 2000 WL 960065, at *1 (5th Cir. 2000) (citations omitted); <u>accord</u> <u>Diamond v. Charles</u>, 476 U.S. 54, 64-65 (1986).  Thus, a pro se plaintiff's "conclusory allegations" that a defendant violated a criminal statute are "insufficient for the purpose of stating a claim on which relief may be granted."  <u>Mamer v. Collie Club of Am., Inc.</u>, 229 F.3d 1164, 2000 WL 1114237, at *2 (10th Cir. 2000).

Armant "does not have standing to institute criminal proceedings through a civil lawsuit. . . .  Any 'criminal charges' or claims in [his] Complaint which seek criminal sanctions must be dismissed as a matter of law."  <u>Abdelsamed v. United States</u>, No. 01-N-1774, 2002 WL 31409521, at *14 (D. Colo. Sept. 17, 2002), <u>aff'd</u>, 80 Fed. Appx. 90, 2003 WL 22464005 (10th Cir. 2003).

Furthermore, to the extent that Armant might be seeking damages or other civil remedies based on defendant's alleged violation of 18 U.S.C. § 1001, he

> presents no authority finding an implied private of action in . . . the cited criminal statute[ ]. The [statute is] singularly criminal in nature and offer[s] nothing from which to infer an available civil remedy. The Supreme Court has cautioned against entertaining private causes of action based on "a bare criminal statute, with absolutely no indication that civil enforcement of any kind was available to anyone."

King v. Keller, No. 06-4001-SAC, 2006 WL 1517765, at *6 (D. Kan. May 30, 2006),

aff'd, 211 Fed. Appx. 764, 2007 WL 39208 (10th Cir. 2007) (quoting Cort v. Ash, 422

U.S. 66, 80 (1975)) (additional internal quotation omitted); accord Walsh v. Krantz, No.

1:07-CV-0616, 2008 WL 2329130, at *4 (M.D. Pa. June 4, 2008).

Thus, "federal courts have generally refused to recognize private causes of action

derived from criminal statutes," Korenyi v. Department of Sanitation, 699 F. Supp. 388,

397 (E.D.N.Y. 1988) (citations omitted), specifically including 18 U.S.C. § 1001.

Hamrick v. Bush, No. 04-5316, 2006 WL 1524593, at *1 (D.C. Cir. Jan. 26, 2006);

AirTrans, Inc. v. Mead, 389 F.3d 594, 597 n.1 (6th Cir. 2004); Federal Sav. & Loan Ins.

Corp. v. Reeves, 816 F.2d 130, 137-38 (4th Cir. 1987); Parker v. Blake, No. 08-184,

2008 WL 4092070, at *3 (W.D. La. Aug. 29, 2008) (Trimble, J.).

Accordingly, plaintiff's claim that defendant violated 18 U.S.C. § 1001 should be

dismissed with prejudice as legally frivolous and for failure to state a claim.  Bui Phu

Xuan v. Fort Worth Star Telegram, 277 Fed. Appx. 452, 2008 WL 1976630, at *1, 3 (5th

Cir. 2008); Parker, 2008 WL 4092070, at *3.

E.      Plaintiff's Claims Without Subject Matter Jurisdiction Should Be
        Dismissed with Prejudice

As discussed in the preceding sections, plaintiff's claims under the Act and for

alleged due process violations do not give rise to subject matter jurisdiction in this court.

Judicial review of Armant's claims under the Act is foreclosed by 42 U.S.C. §§ 405(g)

and (h) and the case law cited previously.  Moreover, the facts and allegations of the

instant case do not establish any colorable claim of a due process violation.  Because the

lack of subject matter jurisdiction cannot be cured for any of these claims, Armant's

complaint should be dismissed with prejudice.

## RECOMMENDATION

For the foregoing reasons, IT IS RECOMMENDED that the Commissioner's

motion to dismiss be GRANTED and that plaintiff's complaint be dismissed WITH

PREJUDICE for lack of subject matter jurisdiction.

A party's failure to file written objections to the proposed findings, conclusions

and recommendations in a magistrate judge's report and recommendation within ten (10)

days after being served with a copy shall bar that party, except upon grounds of plain

error, from attacking on appeal the unobjected-to proposed factual findings and legal

conclusions accepted by the district court, provided that the party has been served with

notice that such consequences will result from a failure to object.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

## ORDER ON MOTION TO AMEND

The court has broadly construed the "Amended Plaintiff's Memorandum Supporting the Denial of the Defendant's (SSA) Motion to Dismiss Plaintiff's Complaint," Record Doc. No. 14, as a motion to amend the complaint to add a claim for a writ of mandamus and a Section 1983 claim that the Commissioner's decision violated plaintiff's constitutional right to equal protection based on his (unspecified) race.

The court ordered defendant to file a memorandum in opposition to plaintiff's motion that addresses whether the amendment is futile.  "The court should freely give leave [to amend] when justice so requires," Fed. R. Civ. P. 15(a)(2), but leave "is by no means automatic."  Wimm v. Jack Eckerd Corp., 3 F.3d 137, 139 (5th Cir. 1993) (quotation omitted).  The relevant factor to consider when deciding the instant motion under Fed. R. Civ. P. 15(a)(2) is "futility of amendment."  Id.

Futility in this context means that "the amended complaint would fail to state a claim upon which relief could be granted. . . .  [T]o determine futility, we will apply the same standard of legal sufficiency as applies under Rule 12(b)(6)."  Stripling v. Jordan Prod. Co., 234 F.3d 863, 873 (5th Cir. 2000) (citations omitted).  "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief

that is plausible on its face.' 'Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).'" In Re Katrina Canal Breaches Litig., 495 F.3d at 205 (quoting Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974, 1965 (2007)) (footnote omitted).

Defendant's supplemental memorandum does not address the motion to amend in those terms, but he argues that the court lacks subject matter jurisdiction over plaintiff's proposed claims for mandamus and violation of his right to equal protection. The Commissioner contends that mandamus jurisdiction is not available to review discretionary acts of agency officials such as those in this case. As to plaintiff's equal protection claim, just as with plaintiff's due process claim discussed above, defendant argues that the court lacks jurisdiction because Armant has not demonstrated or argued in any way that his constitutional rights have been violated.

A "writ of mandamus is an extraordinary remedy. Mandamus is not available to review discretionary acts of agency officials." Newsome v. Equal Employment Opportunity Comm'n, 301 F.3d 227, 231 (5th Cir. 2002) (quotations and citations omitted). As a matter of law, "both the relief sought by the claimant and the grant of a hearing [are] discretionary" when a claimant seeks to reopen a final decision.

Brandyburg, 959 F.2d at 560.  Thus, a writ of mandamus is not available to contest the Appeals Council's discretionary order denying plaintiff's request to reopen his claim.

Mandamus is not "a substitute for appeal . . . .  Furthermore, [allowing] it would frustrate the purpose of 42 U.S.C. § 405(g) and (h), by which Congress provided the sole method of review of Social Security claims.  Either review is available under section 405(g) for Social Security claims, or review is precluded completely." Green v. Heckler, 742 F.2d 237, 241 (5th Cir. 1984) (citing Ex parte Fahey, 332 U.S. 258, 260 (1947); Sanders, 430 U.S. at 110 (Stewart, J., concurring)).

Mandamus is not available as a remedy unless plaintiff can "show a clear right to the relief sought, a clear duty by the defendant to do the particular act, and that no other adequate remedy is available." Newsome, 301 F.3d at 231 (quotation omitted) (emphasis added).  As discussed in the findings and recommendation above, Armant cannot appeal the ALJ's decision or the Appeals Council's order because neither is a final, appealable decision. Thus, no other adequate remedy exists.  However, because the Commissioner's decision on Armant's request to reopen his claim is "discretionary, [plaintiff] does not have a 'clear right' to a writ of mandamus" and the Commissioner has no clear duty to grant the request.  Id.  Thus, allowing plaintiff to amend his complaint to seek a writ of mandamus would be futile.

As to plaintiff's equal protection claim, he cites no facts in any of his submissions sufficient "to state a claim to relief that is plausible on its face." Bell Atl. Corp., 127 S. Ct. at 1974. "To state a claim under the Equal Protection Clause, a § 1983 plaintiff must allege that a state actor intentionally discriminated against the plaintiff because of membership in a protected class." Williams v. Bramer, 180 F.3d 699, 705 (5th Cir. 1999) (quotation and citations omitted). Armant "does not identify any suspect class of which he is a member." Cato v. Watson, 212 Fed. Appx. 258, 2006 WL 3497278, at *1 (5th Cir. 2006). He

> has failed to state any way in which [defendant has] . . . targeted a suspect class, of which he is a part, or treated him any differently than others similarly situated without any rational basis. Inasmuch as [plaintiff] merely alleged that he was treated unfairly as an individual by [defendant's] actions, his equal protection claim was properly dismissed.

Radvansky v. City of Olmsted Falls, 395 F.3d 291, 312 (6th Cir. 2005) (citation omitted). Because Armant fails to state a colorable equal protection claim, his amendment to add such a claim would be futile.

Accordingly, IT IS ORDERED that plaintiff's motion to amend his complaint to add a mandamus claim and an equal protection claim is DENIED.

New Orleans, Louisiana, this __17th__ day of October, 2008.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE