UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| KEVIN ARMANT | CIVIL ACTION |
|---|---|
| VERSUS | NO: 08-981 |
| MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY | SECTION: "C" (2) |

### ORDER AND REASONS

The Court, after considering the petition, the record, the applicable law, the Magistrate Judge's Findings and Recommendation, and the plaintiff's objections to the Magistrate Judge's Report and Recommendation, hereby AFFIRMS IN PART AND REJECTS IN PART the Magistrate Judge's Findings and Recommendation for the following reasons. The Court also AFFIRMS the Magistrate Judge's Order denying plaintiff's motion to amend.

### I. BACKGROUND

As summarized in the Magistrate Judge's Report and Recommendation:

> Plaintiff, Kevin H. Armant, proceeding pro se and in forma pauperis, seeks judicial review pursuant to Section 405(g) of the Social Security Act (the "Act") of an unfavorable decision of the Commissioner of the Social Security Administration (the "SSA"), dated January 20, 2006, denying plaintiff's claim for disability benefits ("DIB") under Title II of the Act. 42 U.S.C. §§ 405(g), 4232. Armant also brings a claim under 42 U.S.C. § 1983 that the Commissioner's denial of his request to reopen his application for DIB violated his constitutional right to due process. He further alleges that the Commissioner violated a criminal statute regarding the making of false statements. 18 U.S.C. § 1001. He asks the court to reverse the Commissioner's denial of his application and his request to reopen and to grant him

DIB. Record Doc. No. 1, Complaint. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rule 73.2E(B).

. . .

The following facts are established by the declaration under penalty of perjury of Patrick J. Herbst, Chief of Court Case Preparation and Review Branch IV of the Office of Appellate Operations, Office of Disability Adjudication and Review, SSA, attached as Exhibit A to defendant's motion to dismiss, and by copies of certain parts of the administrative record that are attached to Herbst's declaration as numbered exhibits. <u>Defendant did not file the entire administrative record</u>.

Armant was insured for DIB under the Act through December 31, 2001. On October 12, 2001, he filed an application for DIB. On March 28, 2003, an administrative law judge ("ALJ") denied his application, finding that plaintiff was not disabled at any time through the date of the decision and was not entitled to a period of DIB through the expiration date of his disability insured status. Defendant's Exh. 1. Armant did not appeal that decision.

On June 24, 2004, Armant protectively filed an application for DIB under Title II and for supplemental security income ("SSI") under Title XVI of the Act, alleging the same disability onset date of May 1, 1996 as he had alleged in his previous application for DIB only. Defendant's Exh. A, Herbst declaration ¶ 3(d); Defendant's Exh. 6, at p. 1. . . .

Plaintiff avers in his complaint that he mailed a brief to the Commissioner on June 8, 2004, which was allegedly received on June 11, 2004, "requesting the readjudicating of my Oct. 2001 claim and submission of new and material evidence." He states that he submitted more evidence to the Commissioner on June 22, 2004 in support of his request to reopen the March 28, 2003 decision, which had denied his October 2001 application for DIB. In his complaint and his memorandum in opposition to the motion to dismiss, Armant argues that the Commissioner never adjudicated the "over 20 pieces of 'new and substantial material medical evidence'" that he submitted in June 2004.

Plaintiff's second DIB application was denied on August 27, 2004. Defendant's Exh. 4. On September 13, 2004, he requested a hearing before an ALJ. Defendant's Exh. 5. On December 21, 2005, his attorney filed a written request to reopen the March 28, 2003 decision, based on allegedly new and material evidence that was submitted with the request. Defendant's Exh. 6, at p. 1 of ALJ's decision.

After a hearing, the ALJ issued a decision unfavorable to plaintiff on January 20, 2006. Defendant's Exh. 6. The ALJ held that Armant was not eligible for SSI. He further held that, because Armant was last insured for DIB in December 2001, the only way for plaintiff to receive DIB was for the ALJ to set aside the prior, unappealed decision. However, the ALJ found that the evidence submitted with plaintiff's December 21, 2005 request to reopen was neither new nor material. Therefore, the ALJ held that the March 28, 2003 decision would not be reopened. He denied plaintiff's June 24, 2004 application for DIB based on res judicata.

. . .

<u>None of the evidence filed by the Commissioner with the court specifically</u>

2

<u>mentions that plaintiff submitted any new evidence in June 2004</u>. Because the entire record was not filed, <u>the court cannot determine exactly what exhibits were in the administrative record</u>. The written denial of plaintiff's application dated August 27, 2004 says that it relied on three sets of medical records from George Murphy, M.D., K.E. Vogel, M.D., and the VA Hospital, which were received in July and August 2004. Defendant's Exh. 4, at p. 1. Plaintiff attached to his complaint a "List of Material Evidence Submitted to the SSA Supporting the Plaintiff's Claim for Disability Benefits," which includes medical records from Drs. Murphy and Vogel and the VA Hospital dated before August 2004. These might be the same records from those medical sources that plaintiff submitted in June 2004. See Record Doc. No. 1-3, "List of Material Evidence Submitted to the SSA Supporting the Plaintiff's Claim for Disability Benefits," at ¶ 3 (Dr. Murphy); ¶¶ 7, 16 (Dr. Vogel); ¶¶ 1, 5, 8, 10-12, 14, 18, 20 (Veterans' Affairs).

The ALJ's January 20, 2006 decision states that plaintiff's attorney submitted two exhibits with his December 2005 written request to reopen the March 28, 2003 decision. Defendant's Exh. 6 at p. 1 (citing "a VA rating decision dated July 14, 2005 (Ex. B16F) along with a VA past medication list [Ex. B15F]"). The ALJ states that he reviewed "the existing medical records," and he specifically mentions a mental health review in November 2002 and a physical examination report dated December 2001. It is not clear whether those two reports were among those listed in plaintiff's "List of Material Evidence Submitted to the SSA Supporting the Plaintiff's Claim for Disability Benefits." See Record Doc. No. 1-3, at ¶ 8, "1999-2002 Veteran Affairs Medical Centers Progress Notes - Dr. Brailey Ph.D."; ¶ 9 "Dec. 2001 Social Security Administration Evaluation" by "state agency examiner;" ¶ 10 "2001 Veterans' Affairs Medical Center from Dr. Dennard."

(Rec. Doc. 20 at 1-5)(emphasis added.)

## II.   LEGAL STANDARD AND ANALYSIS

*1.   Magistrate Judge's Finding and Recommendation*

This Court reviews the Report and Recommendation of the Magistrate Judge de novo. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. Pro. 72(b). However, the function of this court on judicial review under 42 U.S.C. § 405(g) is limited to determining whether there is "substantial evidence" in the record, as a whole, to support the final decision of the Commissioner as trier of fact, and whether the Commissioner applied the appropriate legal standards in evaluating the evidence. *See*

3

42 U.S.C. § 405(g); *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999); *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995); *Carriere v. Sullivan*, 944 F.2d 243, 245 (5th Cir. 1991). If the Commissioner's findings are supported by substantial evidence they must be affirmed. *Martinez*, 64 F.3d at 173. "Substantial evidence" is that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). It is more than a scintilla, but may be less than a preponderance. *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir.1993).

A district court may not try the issues de novo, re-weigh the evidence, or substitute its own judgment for that of the Commissioner. *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995); *Spellman*, 1 F.3d at 360. The Commissioner is entitled to make any finding that is supported by substantial evidence, regardless of whether other conclusions are also permissible. *See Arkansas v. Oklahoma*, 503 U.S. 91, 113, 112 S.Ct. 1046, 117 L.Ed.2d 239 (1992). However, the district court must <u>scrutinize the record in its entirety</u> to determine the reasonableness of the decision reached and whether substantial evidence exists to support it. *Anthony v. Sullivan*, 954 F.2d 289, 295 (5th Cir.1992).

Ordinarily, a decision not to reopen a claim is within the discretion of the Commissioner, and not subject to judicial review. *Califano v. Sanders*, 430 U.S. 99, 107-08, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977); *Colon v. Sec'y HHS*, 877 F.2d 148, 152 (1st Cir.1989). Where the denial of a request to reopen is challenged on constitutional grounds, however, the availability of judicial review is presumed. *Sanders*, 430 U.S. at 109.

In this matter, it is simply impossible to tell - based on the record available to this Court - whether or not the evidence provided by plaintiff in June 2004 or December 2005 was ever

4

considered. Although true that "exhaustive point-by-point discussion" is not required, where the record is devoid of information as to what material was considered, "we, as a reviewing court, simply cannot tell whether her decision is based on substantial evidence or not." *Audler v. Astrue,* 501 F.3d 446, 448 (5th Cir. 2007)(*citing Cook v. Heckler*, 783 F.2d 1168, 1172 (4th Cir.1986)).

More importantly, and even if the whole record had been submitted to this Court and the record showed that the 20 pieces of new evidence were submitted, the ALJ's decision still failed to identify whether or not the June 2004 and December 2005 evidence was immaterial. When a request for hearing is denied, the ALJ must a) list and describe the new evidence submitted and b) give a statement as " why any new evidence is not material and does not warrant revision of the final determination or decision made on the prior application." HALLEX I-2-4-40 (L), (M). "Failure to adhere to [an agency's own] regulations can constitute a denial of due process of law." *Arzanipour v. I.N.S.,* 866 F.2d 743, 746 (5th Cir. 1989).

The Court declines plaintiff's request to grant him entitlement to Title II Social Security Disability Benefits. Rather, the Court finds that in this instance, the proper measure is to remand this matter to the Social Security Administration for consideration of the additional evidence proffered by plaintiff to determine whether or not it is material and whether or not it warrants revision of the ALJ's decision. *See* 42 U.S.C. § 405(g); *see also Gray v. Barnhart*, 2004 WL 332430 (D.Del. 2/5/2004) (*citing Moore v. Commissioner of the Social Security Administration*, 278 F.3f 920, 926 (9th Cir. 2002); *Hummel v. Heckler*, 736 F.2d 210, 221 (3rd Cir. 1984)).

Plaintiff also claims that the ALJ and the Appeals Council made false statements in their opinions and alleges criminal conduct in violation of 18 U.S.C. § 1001. Based on a review of the record, the Court agrees with the Magistrate Judge's finding that this allegation fails to state a claim

5

upon which relief can be granted. Therefore, the Court affirms the Magistrate Judge's Findings and Recommendations as to the plaintiff's allegation of criminal conduct and this claim shall be dismissed with prejudice.

*2. Magistrate Judge Order Denying Motion to Amend*

In an abundance of caution, the Court also addresses the Magistrate Judge's Order denying plaintiff's motion to amend his complaint. Plaintiff seeks to amend his complaint to allege to "add a claim for a writ of mandamus and a Section 1983 claim that the Commissioner's decision violated plaintiff's constitutional right to equal protection based on his (unspecified) race." (Rec. Doc. 20 at 26). Plaintiff objected to the Magistrate Judge's Order denying his motion to amend in his Objections to the Magistrate Judge's Findings and Recommendation. (Rec. Doc. 21.) Accordingly, the Court construes plaintiff's objections as a Motion to Appeal the Magistrate Judge's Order.

A district court may only reverse a Magistrate Judge's ruling where the court finds the ruling to be "clearly erroneous or contrary to law." Fed. R. Civ. Pro. 72(a); *Castillo v. Frank*, 70 F.3d 382 (5th Cir. 1995). "This highly deferential standard requires the court to affirm the decision of the Magistrate Judge unless 'on the entire evidence [the court] is left with a definite and firm conviction that a mistake has been committed.'" *Benoit v. Nintendo of American*, 2001 WL 1524510, *1 (E.D.La. 2001) (*citing United States v. United States Gypsum Co.*, 333 U.S. 364 (1948)). A motion to review is appropriate when a Magistrate Judge has obviously misapprehended a party's position, the facts, or the applicable law, or when the party produces new evidence that could not have been obtained through the exercise of due diligence." *Gaffney v. U.S. Dep't of Energy*, 2000 WL

1036221, *2 (E.D.La. 2000).[1]

The Court agrees with the Magistrate Judge's assessment that allowing an amendment would be futile. The plaintiff has not shown a clear right of entitlement to Title II Social Security Disability Benefits and therefore mandamus is not appropriate. Nor has plaintiff alleged sufficient facts to state a colorable claim of equal protection. Therefore, the Court affirms the Magistrate Judge's Order denying plaintiff's motion to amend his complaint.

II. CONCLUSION

**IT IS ORDERED that this matter is hereby REMANDED to the Social Security Administration for a consideration of the additional evidence proffered by Kevin Armant.**

**IT IS FURTHER ORDERED that the Court hereby APPROVES the Magistrate Judge's Findings and Recommendation as to plaintiff's allegation of criminal conduct and ADOPTS those findings only as part of its opinion in this matter.**

**IT IS FURTHER ORDERED that the Magistrate Judge's Order denying plaintiff's motion to amend is AFFIRMED.**

New Orleans, Louisiana, this 21st day of April, 2009.

HELEN G. BERRIGAN
**UNITED STATES DISTRICT JUDGE**

---

[1] The Court notes that the plaintiff's amendment would be futile even under the more rigorous de novo standard of review, based on a full review of the record in this case.